# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS BARRERA-SANCHEZ, also known as Jose Luis Sanchez-Barrera,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1049-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Luis Barrera-Sanchez challenges his 42-month, within-Sentencing Guidelines sentence, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He contends the sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). He asserts the advisory Guidelines-sentencing range is too high because Guideline § 2L1.2 (unlawfully entering or

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

remaining in the United States) is not empirically based, and effectively double-counts his criminal record. He also contends the Guidelines-sentencing range overstates the seriousness of his nonviolent-reentry offense (only "an international trespass") and fails to account for his personal history and characteristics.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Barrera does not claim procedural error. He claims only that his sentence is substantively unreasonable. As stated, that claim is reviewed for abuse of discretion. In doing so, a rebuttable presumption of reasonableness is applied to a within-Guidelines sentence. *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009) (citations omitted).

Relying on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and to preserve the issue for possible further review, Barrera claims the presumption of reasonableness should not apply because Guideline § 2L1.2 lacks an empirical basis. As Barrera concedes, however, this claim is foreclosed. *E.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see also Mondragon-Santiago*, 564 F.3d at 366-67.

Our court has consistently rejected "double-counting" claims and assertions that Guideline § 2L1.2 results in excessive sentences because it is not empirically based. *E.g., Duarte*, 569 F.3d at 529-31. We also have rejected

No. 14-50379

Barrera's only "an international trespass" contention. *E.g., United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

The district court considered Barrera's request for a lower sentence. Barrera, furthermore, has not shown that his sentence:   fails to account for a § 3553(a) sentencing factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error in judgment in balancing sentencing factors. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).  Mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *E.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citations omitted).

AFFIRMED.